Herbert PATE et al., Plaintiffs,

v.

DADE COUNTY SCHOOL BOARD et al., Defendants-Appellees,

Alice Love and Carswell Washington et al., Intervenors-Appellants,

Dade County Classroom Teachers' Association, Inc., Intervenor.

No. 74–3181.

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1975.

James W. Matthews, Richard Y. Feder, Irma R. Feder, Miami, Fla., for plaintiffs.

Frank A. Howard, Jr., Miami, Fla., for School Bd.

Charles E. Miner, Jr., Tallahassee, Fla., for State Bd. of Ed.

Tobias Simon, Elizabeth J. duFresne, Miami, Fla., for intervenor DCCTA.

Before BROWN, Chief Judge, and MORGAN and GEE, Circuit Judges.

PER CURIAM:

This case began in August, 1969, when the Dade County School Board invoked the jurisdiction of the federal court to protect itself against an action in the Florida state court by a citizen who sought to enjoin the school board from implementing a desegregation plan it had approved for the 1969–1970 school year. After extensive proceedings over a period of a year, this court in a lengthy opinion reviewed the district court's orders approving a final desegregation plan after requiring further modification to the student assignment element of the plan and thereafter held that the total plan as modified would effectively desegregate the Dade County School System. Pate v. Dade County School Board, 434 F.2d 1151 (5th Cir. 1970), cert. denied 402 U.S. 953, 91 S.Ct. 1613, 29 L.Ed.2d 123 (1971).

After the decision in Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971) and its companion cases, the district court entered an order on June 14, 1971, outlining the continuing duty of the Dade County School Board to make the desegregation plan work, recognizing its own responsibility to insure that the school system remained unitary, and giving all parties time to object to the school board's 1971–1972 pupil assignment plan. Thereafter, on June 18, 1971, the district court approved the plan and relieved the school board of any duty to obtain prior approval of further changes, and fixed the burden as to any further proceedings as follows:

"The burden shall be upon the present intervenors, or any other persons hereafter permitted to intervene, to demonstrate to this Court a prima facie case of the School Board's failure to act in accordance with the principles outlined in this Court's order of June 14, 1971. Jurisdiction is retained for this limited purpose."

At that time, the present appellants not only objected to the 1971–1972 pupil assignment plan, but moved to reopen the case for evidentiary hearings de novo, asserting that the desegregation plan as previously approved by this court was in conflict with the Supreme Court's opinion in Swann v. Charlotte-Mecklenburg Board of Education, supra. On June 30, 1971, the district court denied further evidentiary hearings and found that the Dade County School System was a unitary system and complied with Swann v. Charlotte-Mecklenburg Board

of Education, *supra.* The appellants appealed to this court from the district court's orders of June 18 and June 30, 1971, and this court summarily affirmed the district court. Pate v. Dade County School Board, 447 F.2d 150 (5th Cir. 1971), cert. denied 405 U.S. 1064, 92 S.Ct. 1493, 31 L.Ed.2d 794 (1972).

The record shows that the Dade County School Board has taken effective steps to further the desegregation process. When the board, in 1972, found that the pairings of two junior high schools which had been ordered by this court in its 1970 opinion had not worked effectively, the board grouped a third, virtually all white, school to the originally paired schools in an effort to stabilize the situation. This grouping, which involved additional bus transportation, voluntarily ordered by the board, was very recently before this court, and we approved the board's actions by affirming the dismissal by the district court of a complaint filed by a group of parents. Darville v. Dade County School Board, 497 F.2d 1002 (5th Cir., 1974).

The current proceedings here were initiated on June 20, 1974. In their petition the intervenors in the court below demanded a plenary evidentiary hearing, asserting the hearing was necessary concerning a recent revision by the board of the student feeder plan for one senior high school and a tentative 5-year construction plan which had been approved by the board.

The board filed a motion to dismiss, and the intervenors filed a reply thereto. The district court heard a full and extensive argument which was supplemented by exchange of letters concerning aspects of the construction plan.

On June 30, the district court held that the petitioners had failed to make a prima facie showing under the burden defined in its orders of June 14 and 18, 1971, sufficient to justify action with respect to the high school feeder plan or the demand for consideration of a comprehensive new desegregation plan. The district court scheduled a hearing to consider whether the implementation of the construction plan would adversely affect the existing unitary system. The board has not cross appealed from the portion of the order scheduling a hearing on the construction plan, and since the tentative construction plan is to be the subject of an evidentiary hearing, this construction plan is not an issue in this appeal. The district court's denial of intervenors' claims (a) to enjoin implementation of the board's 1974 feeder plan, and (b) for the adoption of a comprehensive desegregation plan for the 1975–1976 school year is hereby

Affirmed.