Herbert PATE et al., Plaintiffs,

v.

DADE COUNTY SCHOOL BOARD, etc., et al., Defendants-Appellees,

v.

Ethel BECKFORD et al., Movants-Appellants.

Nos. 78–2634, 78–2750.

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1979.

Rehearing Denied March 1, 1979.

---

Norman S. Segall, Miami, Fla., for movants-appellants.

Frank A. Howard, Jr., Miami, Fla., Irma Robbins Feder, ACLU, Miami Beach, Fla., James W. Matthews, Elizabeth J. DuFresne, Miami, Fla., General Counsel, Florida State Bd. of Ed., Tallahassee, Fla., for defendants-appellees.

Before BROWN, Chief Judge, GEE and VANCE, Circuit Judges.

PER CURIAM:

In the fall of 1977 the Dade County School Board opened the new Pine Lake Elementary School, just four or five blocks from its existing Richmond Elementary School. The physical characteristics of the two schools generally reflect the differences between the middle and upper class, predominantly white, neighborhood served by Pine Lake and the predominantly black neighborhood served by Richmond. The student body at Pine Lake was eighty percent white and twenty percent black. The student body at Richmond was eighty percent black and twenty percent white.

In compliance with the requirements imposed by this court in *Pate v. Dade County School Board*, 434 F.2d 1151 (5th Cir. 1970), the district court had previously established a bi-racial tri-ethnic committee to monitor the actions of the county school board. At the request of the so-called bi-tri committee the district court issued a show cause order to the county school board on May 4, 1978. The school board was required to justify its decision not to put into effect the recommendations of the bi-tri committee as to attendance zone changes for the 1978–1979 school year. The school board responded by defending its action and argued that the court had no basis for intervention. Following an evidentiary hearing the district court entered an order on June 16, 1978

requiring in the Pine Lake-Richmond situation that the school board adopt one of the alternative plans proposed by the bi-tri committee.

On June 26, 1978, appellants filed a motion to intervene in the district court. Appellants are dissatisfied parents of children in both the Richmond Heights and Pine Lakes districts. They alleged that their interests were not adequately represented by the existing parties and that they desired to intervene in order to appeal the district court's order. On June 28, 1978, intervenor, American Civil Liberties Union of Florida, filed its opposition to the proposed intervention. On June 30, 1978, the school board filed a response to the June 16, 1978 order. The school board reported that school officials had met with the bi-tri committee, that the school board had adopted the committee's recommendation pairing the two schools in question, had fully complied with the court's order and had determined that no appeal should be taken. The school board stated to the court that there was no longer any case or controversy between the parties and objected to intervention by the present appellants. On August 3, 1978, the district court denied appellants' motion for intervention.

Two separate appeals have been taken. In Case No. 78–2634 the applicants in intervention appealed the district court's order of June 16, 1978. In Case No. 78–2750 applicants appealed the court's subsequent order denying intervention. A motion to consolidate was filed in this court and is hereby granted.

The school board moves to dismiss both appeals on the grounds that the original controversy is moot and that the appellants lack standing to appeal the June 16 order. The school board also urges that the district court correctly denied intervention. Appellants concede that unless they are successful in establishing their right to intervene they have no standing in this court in respect to the June 16, 1978 order.

Appellants cite *Smuck v. Hobson*, 132 U.S.App.D.C. 372, 408 F.2d 175 (1969), to support their contention that they have a right to intervene. They argue that parents of school children have an interest in the litigation and that the failure of the school board to appeal demonstrates that such interest was not being adequately represented. *Smuck*, however, has not been followed in this circuit. In *United States v. Perry County Board of Education*, 567 F.2d 277 (5th Cir. 1978) we specifically declined to do so. Our holdings in the *Perry County* case and in *Hines v. Rapides Parish School Board*, 479 F.2d 762 (5th Cir. 1973) control the present question.

In *Hines* this court explored when and by what means parent groups might present complaints growing out of desegregation litigation. The proper course indicated was a petition for intervention. There was no intimation, however, that such petition was one of right. The court held that: "Certainly every group must be allowed the opportunity to show the court that the desired and legally required unitary school system has not been achieved by an earlier court order." *Id.* at 765. But it also concluded that: "If the court determined that the issues these new plaintiffs sought to present had been previously determined or if it found that the parties in the original action were aware of these issues and completely competent to represent the interests of the new group, it should deny intervention." *Id.* at 765.

■ The parental interest that justifies permissive intervention is an interest in a desegregated school system. Here, as in the *Perry County* case, "[t]he parents are not seeking to challenge deficiencies in the implementation of desegregation orders . . . ." *United States v. Perry County Board of Education, supra* at 279. They oppose such implementation. Their complaint is that the school board does not also oppose such implementation, but we have held that "Appellants are not entitled to intervention of right simply because they would have voted differently had they been members of these representative bodies." *United States v. Perry County Board of Education, supra* at 280.

**504**

■ Applicants in intervention claim a right to protect the local school board from the district court's exercise of unconstitutional authority. They challenge the lower court's jurisdiction because of its June 30, 1971 finding that Dade County has a unitary system. There has, however, been no relinquishment of the continuing jurisdiction of the district court. In both our original consideration of this case, *Pate v. Dade County School Board, supra,* and in our more recent opinion, *Pate v. Dade County School Board,* 509 F.2d 806 (5th Cir. 1975), we recognized that the district court has a continuing responsibility to appraise the system in the light of actual conditions and experience and make required changes to assure the maintenance of a unitary system. *Lee v. Macon County Board of Education,* 584 F.2d 78 (5th Cir. 1978) makes clear that in the absence of a final judgment or dismissal of the case subject matter jurisdiction is retained over questions such as the question before the district court in this case. Appellants' contention as to jurisdiction is facially without merit.

■ Appellees invite to our attention the ninth circuit's opinion in *Spangler v. Pasadena City Board of Education,* 427 F.2d 1352 (9th Cir. 1970) in which the facts are strikingly similar to those before us. The *Spangler* court also rejected application of the *Smuck* decision. It held that the applicants were not entitled to intervene for the purpose of appealing an order which the board of education had decided not to appeal. The ruling in *Spangler* is consonant with the holdings in this circuit and we conclude, as did the court there, that the lower court's ruling is free of error.

The appeal from the order of June 16, 1978 is dismissed. The order of the district court denying intervention is affirmed.

CASE NO. 78–2634 APPEAL DISMISSED.

CASE NO. 78–2750 AFFIRMED.