### Alta Oveta MIMS, et al., Plaintiffs-Appellants,

v.

### The DUVAL COUNTY SCHOOL BOARD et al., Defendants-Appellees.

### No. 85–3253.

United States Court of Appeals, Eleventh Circuit.

March 20, 1986.

Michael H. Sussman, Asst. Gen. Counsel, NAACP Special Contribution Fund, Brooklyn, N.Y., for plaintiffs-appellants.

Robert Alexander, Asst. Counsel, and Cindy A. Laquidara-Kenney, Jacksonville, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, ANDERSON, Circuit Judge, and ATKINS *, Senior District Judge.

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

PER CURIAM:

This case involves a change in the provisions of a previous order of the district court relating to the Duval County (Jacksonville), Florida school system, which has never been judicially determined to have achieved unitary status.

In 1971 the District Court for MD Florida entered a remedial order, one of whose terms provided for closing Darnell-Cookman School, a large facility located in a largely black area of the community. The order also provided that Darnell-Cookman would be converted into an arts magnet center.

In January 1985 the school board concluded that Anderson School, a seventh grade only school in the black community, would be converted to serve as the site for a newly-created Duval County school of the arts. Darnell-Cookman would no longer serve as the arts magnet center and would be closed and used for other community functions.

The board filed a motion with the district court seeking approval of its proposal. The district court ordered the NAACP to file with the court any objections it might have. The NAACP responded with objections and with a request for a hearing. It alleged that seventh grade students who would have attended Anderson would be assigned instead to Arlington and Fort Caroline, two junior high schools located in predominantly white neighborhoods, with the consequence that black students who formerly attended seventh grade (at Anderson) in their own black neighborhood would be bussed to Arlington or Fort Caroline, white schools in white neighborhoods. The NAACP also alleged that Darnell-Cookman was a better choice for a school of the arts because its facility would accommodate a larger number of students than Anderson and because it was located in a closer proximity to downtown Jacksonville. As a third reason, the NAACP urged that the selection of Darnell-Cookman would enhance the image of the black neighborhood in which it was located and would contribute to its renewal.

The district court did not conduct a hearing. It entered an order noting that the plan ordered in 1971 directed the clustering of students in the Darnell-Cookman Junior High, Arlington Junior High, and Fort Caroline Junior High areas. Darnell-Cookman was closed as a junior high because of the high crime rate in the area, and students from the Darnell-Cookman area were to attend the white-community junior high schools, Arlington and Fort Caroline. It developed, however, that double sessions would be required at Arlington and Fort Caroline; therefore the parties stipulated to an amendment to the 1971 plan allowing students who otherwise would be enrolled at Darnell-Cookman, Arlington or Fort Caroline to attend Anderson for seventh grade. In this way Anderson became a seventh grade-only school, with both black students and white students.

The district court found that the board's proposal did decrease the burden [imposed by desegregation] for seventh grade students living in the Arlington and Fort Caroline zones, primarily white zones. It declined to find or infer, however, that the proposal would increase the burden for seventh grade students in the Darnell-Cookman area. As its ultimate conclusion, the court found that the board's selection of Anderson as the site for the newly created school of the arts did not violate any order or judgment heretofore entered in the case.

In reaching its ultimate conclusion the court misperceived its own authority and did not apply the standards established in this circuit for amending a court-approved desegregation plan for a system that has not achieved unitary status. Duval County is such a system and it remains within the jurisdiction of the court, which has a continuing responsibility that the plan in effect complies with the law. A court-approved remedial plan, as amended from time to time with court approval, and now in effect with the stamp of approval of the court, may not be amended without the court's approval. The approval by the court must be based upon a proper showing by the board, on the record, of evidence adequately supporting its proposal. If any

parties object they must be afforded the opportunity to question the adequacy of the board's reasons and to come forward with evidence opposing the proposal. With the evidence before it the court can then determine whether the plan, with the proposed amendment, will comply with the law. The school board has discretion to seek and to recommend changes in a court-approved plan, but approval by the court must be based upon whether the board's proposal complies with the law. The discretion of the board to propose neither eliminates nor subsumes the power and responsibility of the district court.

 For cases demonstrating the correct role of the district court, see *Pate v. Dade County School Board,* 588 F.2d 501 (5th Cir.), *cert. denied,* 444 U.S. 835, 100 S.Ct. 67, 62 L.Ed.2d 44 (1979); *U.S. v. Hendry County School District,* 504 F.2d 550 (5th Cir.1974); *Davis v. Board of School Commissioners of Mobile County,* 483 F.2d 1017 (5th Cir.1973); *Davis v. Board of Education of North Little Rock,* 674 F.2d 684 (8th Cir.), *cert. denied,* 459 U.S. 881, 103 S.Ct. 178, 74 L.Ed.2d 146 (1982).[1]

REVERSED.

---

**1.** The district court is not, however, required to give any weight to the suggestion that Darnell-Cookman should be selected because it "would enhance the image of the neighborhood and contribute to its renewal." This is not a relevant factor.