**UNITED STATES of America, Plaintiff,**

**Dedra Estell Overton, et al.,
Plaintiff-Intervenors,**

**v.**

**TEXAS EDUCATION AGENCY, et al.
(Austin Independent School District).**

**Civ. No. A–70–CA–80.**

United States District Court,
W.D. Texas,
Austin Division.

July 24, 1987.

Norma V. Solis, Morris J. Baller, San Antonio, Tex., Lydia Gardner, Austin, Tex., for Maldef.

William Bingham, Alan Albright, McGinnis, Lochridge & Kilgore, Austin, Tex., for Austin Independent School Dist.

Julius L. Chambers, Napoleon B. Williams, Jr., New York City, for NAACP.

Susan Bradshaw, Asst. Atty. Gen., Austin, Tex., for Texas Educ. Agency.

Joseph D. Rich, General Litigation Section, Civil Rights Div., Dept. of Justice, Craig M. Crenshaw, Jr., Educational Opportunities Litigation Section, Civil Rights Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

**ORDER**

NOWLIN, District Judge.

Before the Court is Defendant Austin Independent School District's Motion to Dismiss. The issue has been briefed by all parties. The Court has considered the Motion and is of the opinion that it is meritorious and should be Granted.

**I. BACKGROUND**

This action was commenced in 1970. In 1980 after a lengthy trial, the parties com-

promised and submitted to the Court for approval a proposed Consent Decree providing for the desegregation of Austin Independent School District (AISD). On January 2, 1980, the Court entered the Consent Decree and a Memorandum Opinion and Order approving thereof. The Consent Decree explicitly stated that:

> For a period of three years from the date of the entry of this Consent Decree, AISD shall remain under the jurisdiction of this Court. This case shall be placed on the inactive docket, but the Court shall be available at all times to perform the duties and functions set out herein. At the end of three years from the date of entry of this Consent Decree and notice to the parties, unless there is objection by the parties hereto, AISD shall be declared to be a unitary school system and this case shall be dismissed.

Consent Decree at p. 4, ¶ 18. In 1983, pursuant to this paragraph of the Consent Decree, Plaintiff–Intervenors filed objections to the AISD being declared unitary. After negotiations, all of the parties filed an Agreed Motion to Dismiss. Subject to a Stipulation filed with the Court, the parties agreed that AISD would be declared unitary and the case would be dismissed without prejudice. Paragraph (h) of the Stipulation provided for limited access to the Court:

> In the event there is a substantial change by AISD in its current student assignment plan, and the change unlawfully discriminates against AISD students on the basis of race, color or national origin, Plaintiff or Plaintiff–Intervenors shall be entitled to a hearing before the Court to show why this case should be reopened for the consideration of further relief.

This provision was not intended to give Plaintiff or Plaintiff–Intervenors access to the Court in perpetuity under this same cause of action. Paragraph (h) of the Stipulation is immediately followed by Paragraph 2 which provides that:

> This stipulation shall remain in effect until January 3, 1986, and is enforceable by any of the parties thereto during that period. If Kealing Junior High School is not constructed substantially in accord-

ance with the schedule contained in Exhibit "A", and paragraph (c) of this stipulation, this stipulation shall be extended until its completion.

The Government and AISD inform the Court that Kealing Junior High School's construction was completed in September, 1986, a point which Plaintiff–Intervenors do not dispute.

Plaintiff–Intervenors participated in the negotiations leading to the Agreed Motion to Dismiss subject to the terms of the Stipulation. They joined all other parties in requesting the Court to dismiss the case without prejudice and to order that the Stipulation remain in effect for a distinct period of time. Based on the Agreed Motion, the Court entered an Order on June 14, 1983 declaring AISD unitary and dismissing the cause without prejudice. In conformance with the Order, Agreed Motion to Dismiss, and Stipulation, the Court relinquished all control over Civil Action No. A–70–CA–80 in September, 1986 when the construction of Kealing Junior High School was completed.

On April 13, 1987, the Board of Trustees of AISD adopted a resolution creating elementary neighborhood schools. As a result of the adopted boundary changes, sixteen elementary schools should have a predominantly minority enrollment. Plaintiff–Intervenors oppose the Board of Trustee's plan, characterizing it as an "abandon[ment of] the plan of desegregation for grades K–6 set forth in the Consent Decree and Stipulation." Memorandum of Plaintiff–Intervenors in Support of Motion for Further Relief and For a Preliminary Injunction, at p. 3. Plaintiff–Intervenors filed a Motion for Further Relief and for a Preliminary Injunction on July 2, 1987, over two-and-a-half months after the AISD Board adopted the resolution. Despite this delay, Plaintiff–Intervenors request that the Court hear their Motion on an Expedited Schedule. They note that the Motion was timely made because at that time more than two months remained before AISD intended to carry out the proposed resegregation plans. The Court, despite Plaintiff–Intervenors

apparent laggardness, has dealt with the motions in an expedited fashion.

AISD raises by way of its Motion to Dismiss that this cause was dismissed without prejudice on June 14, 1983. The proper way for Plaintiff–Intervenors to pursue Court relief, AISD argues, is through the filing of a new cause of action.

## II. ANALYSIS

The Fifth Circuit has often addressed desegregation issues and circuit law is clear on when a district court's jurisdiction over a case ends. *Lee v. Macon County Board of Education*, 584 F.2d 78, 81 (5th Cir.1978) (citations omitted) explains:

[W]e must initially consider whether the court below had subject matter jurisdiction over the Board's petition. Federal district courts possess jurisdiction over school desegregation cases only because of unconstitutional action by the state or by a local school board. The magnitude of the constitutional violation, the scope of the remedy required to redress the violation, and the possibility of recurring violations have all made it necessary for the district courts to retain jurisdiction over many such cases in order to insure the proper implementation of the desegregation plan and the achievement of the ultimate goal—a unitary school system in which the State does not discriminate between public school children on the basis of their race. But once that goal has been attained, the district courts may then follow the orderly procedures previously outlined by this Court and enter an order that the school system is indeed unitary.... Normally a court could then close the docket on the case, and 'in the absence of a showing that either the school authorities or some other agency of the State has deliberately attempted to fix or alter demographic patterns to affect the racial composition of the schools, further intervention by a district court should not be necessary.' ... Once the case is closed, the officials of the public school system have the responsibility for educational decisions. They are bound to take no actions which would reinstitute a dual school system or which would discriminate against any child on the basis of race.

The earlier Fifth Circuit decision of *Youngblood v. Board of Public Instruction*, 448 F.2d 770, 771 (5th Cir.1971), ordered that the district court retain jurisdiction over a desegregation case for a period of not less than three school years after a declaration of unitariness. At the conclusion of three years, the district court was instructed to consider whether the cause should be dismissed, but only after giving plaintiffs notice and an opportunity to show cause why the dismissal of the cause should be further delayed.

The Court has complied with the guidelines implemented by the Fifth Circuit. On June 14, 1983, AISD was declared unitary and the Court retained jurisdiction for a period through September, 1986. This procedure was advocated by all parties and acquiesced in by the Court. In substance it complies with the Fifth Circuit guidelines as Plaintiff and Plaintiff–Intervenors were given more than three years after the decree of unitariness to appeal to the Court for further relief. They failed to take any action before September, 1986, the deadline set out in the Consent Decree for petitioning the Court for further relief. Plaintiff–Intervenors cannot now complain of a procedure which they explicitly agreed to and requested the Court to approve. In September, 1986 the Court returned responsibility for educational decisions to the AISD Board of Trustees. School desegregation cases are not to be retained forever under the review of a federal court.

A district court has jurisdiction to order further relief in a desegregation case only when the case has not yet been dismissed. *Lee*, 584 F.2d at 82; *Pickens v. Okolona Municipal Separate School District*, 594 F.2d 433, 436 (5th Cir.1979); *Pate v. Dade County School Board*, 588 F.2d 501, 504 (5th Cir.1979). This case was dismissed on June 14, 1983 with the Court retaining jurisdiction until September, 1986. Given that the case is dismissed and that the Court's period of retained jurisdiction has passed, Plaintiff–Intervenors cannot seek further relief under Cause No. A–70–CA–80.

Plaintiff–Intervenors claim that the finding of unitariness in 1983 was premature. The Court notes once more that the order of unitariness was entered pursuant to an Agreed Motion to Dismiss to which Plaintiff–Intervenors were signatories. Plaintiff–Intervenors did not appeal the Order and will not now, four years later, be permitted to contest it.

Plaintiff–Intervenors argue in reply to AISD's Motion to Dismiss that a court always has jurisdiction to enforce a consent decree. While this generally is a true statement, it does not benefit the Plaintiff–Intervenors when the consent decree by its own terms states that court involvement in the case will cease at a specific date. The June 2, 1980 Consent Decree explicitly stated that for three years the case would be on the inactive docket of the Court. Thereafter, AISD would be declared a unitary school system and the case dismissed. This Court, by the terms of the Consent Decree, is no longer empowered to enforce the Consent Decree.

## III. CONCLUSION

Plaintiff–Intervenors may well be entitled to relief in another cause of action. The Court cannot entertain their pleas under Cause No. A–70–CA–80. Plaintiff–Intervenors, of course, may file a complaint and seek a preliminary injunction in connection with that complaint. Given their request for expedited consideration of the allegation that AISD is resegregating its elementary schools, the Court would expect a speedy filing of a new complaint and of an application for injunctive relief.

IT IS ORDERED that Defendant AISD's Motion to Dismiss is GRANTED and that Plaintiff–Intervenor's Motion for Further Relief and a Preliminary Injunction is DISMISSED WITHOUT PREJUDICE.

There being no necessity for further action in the cause numbered A–70–CA–80, the hearing scheduled for 1:30 p.m., July 29, 1987 shall not occur.