Beryl N. JONES et al., etc., Plaintiffs-Appellees,

United States of America, Intervenor-Appellee,

v.

CADDO PARISH SCHOOL BOARD et al., Defendants-Appellees,

"FAIR" (Fairness to Anderson Island Residents) et al., Movants-Appellants.

No. 73–3016.

United States Court of Appeals, Fifth Circuit.

Oct. 31, 1973.

As Amended Dec. 19, 1973.

Robert G. Pugh, Shreveport, La., for appellants.

John R. Pleasant, Shreveport, La., for Caddo Parish School Bd.

Murphy W. Bell, Baton Rouge, La., Jesse N. Stone, Jr., Arthur G. Thompson, Shreveport, La., for Beryl N. Jones and others.

Donald E. Walter, U. S. Atty., J. Stanley Pottinger, Asst. U. S. Atty., Shreveport, La., Brian K. Landsberg, John R. Scott, Dept. of Justice, Washington, D. C., for the United States.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

In this desegregation case involving the public schools of Caddo Parish, Louisiana, we are concerned with the appeal of "FAIR" (Fairness to Anderson Island Residents), an unincorporated association of that parish composed of a number of Shreve Island and Anderson Island residents who are dissatisfied with one aspect of the District Court's decree in this matter entered on July 20, 1973.

Exercising prudence and understanding of a difficult racial problem, District Judge Scott on March 20, 1973 appointed a biracial eleven-member Citizens Committee composed of five black leaders and five white leaders of the community plus a chairman who would vote only in event of a tie, to study the school desegregation problem in Caddo Parish and make recommendations to him for the establishment of a plan which would provide for implementation of a unitary school system. An extensive study was made in ten weeks of investigation, with seven public hearings and twenty-one deliberative meetings. On June 1, 1973, the Citizens Committee's report, unanimously concurred in by all members, was filed with the District Court. Fifteen days were given to the parties to file any responses to the recommended plan. All of the original parties to the litigation, plaintiffs, and Caddo Parish School Board, accepted the plan. Intervenor United States of America stated in writing in the record that it "interjects no objection to ordering implementation of this plan, as is more fully set out in its response filed herein."

Appellants' motion to intervene herein was denied and a consent decree approving the plan recommended by the biracial Citizens Committee was entered by Judge Scott on July 2, 1973 and has been implemented in the present school year. Eight years of litigation between the original parties has finally come to an end.

Appellants also approved the plan of the Citizens Committee except in one respect, namely, the closing of the Shreve Island Elementary School and assignment of its students to Stoner Hill and A. C. Steere Elementary Schools. On June 29, 1973, appellants filed a motion to intervene. In their motion appellants averred:

"Movants fully support the desegregation plan submitted to this Honorable Court by the court-appointed citizens committee, with one exception, which is the basis of this motion to intervene, namely that portion of the citizens desegregation plan which proposes to close Shreve Island Elementary School and assign the students to Stoner Hill and A. C. Steere, Plan, Page 21."

Appellants contend that they should have been permitted to intervene in the proceedings, that they have an interest in the subject matter in that they are opposed to the closing of Shreve Island Elementary School, and that alternative plans which they suggest relative to this particular school will achieve a better racial balance.

On July 18, 1973, the District Judge denied appellants' motion to intervene and said:

". . . we find that these parties along with teachers, bus drivers, lunchroom personnel and students and parents of students in other schools in Caddo Parish, Louisiana, are properly

and adequately represented by the Defendant Caddo Parish School Board; that all interested parties have received repeated public invitations and many have appeared before the Court's committee and given it the benefit of their views, that it is inevitable that groups or segments of these parties will be offended by any plan which may be adopted, that all such parties will be and have been allowed to file opposition to the plan adopted by the committee, that the Court will and is considering opposition so filed and that therefore it is unnecessary and improper that these parties be allowed to intervene as parties defendant.

"It is Ordered therefore, that the motion to intervene filed FAIR, et al be and it is hereby denied and that memorandum attached to this said motion be received, filed and considered an Amicus Curiae brief."

In Hines et al. v. Rapides Parish School Board et al., 5 Cir., 1973, 479 F. 2d 762, we considered another motion of parents to intervene and said:

"The petition for intervention would bring to the attention of the district court the precise issues which the new group sought to represent and the ways in which the goal of a unitary system had allegedly been frustrated. The district court could then determine whether these matters had been previously raised and resolved and/or whether the issues sought to be presented by the new group were currently known to the court and parties in the initial suit. If the court determined that the issues these new plaintiffs sought to present had been previously determined or if it found that the parties in the original action were aware of these issues and completely

competent to represent the interests of the new group, it could deny intervention."

In our view the District Judge's holding is agreeable to the *Hines* standards and did not constitute error or an abuse of discretion. The views of appellants were fully known to the District Court prior to entry of the consent decree, and ample opportunity was accorded all interested persons to appear before the Citizens Committee and express their views.

The Shreve Island Elementary School was a predominantly white school with 90 per cent white enrollment. The Citizens Committee's plan adopted by the District Court's consent decree, transferred Shreve Island's students partly to Stoner Hill, an all-black school, and to A. C. Steere, a predominantly white school with black enrollment. Each of the schools to which Shreve Island's students were transferred has sufficient capacity to take care of the increase in pupil enrollment, despite an inference to the contrary by appellants.[1] Though it is regrettable that appellants are dissatisfied with the closing of Shreve Island Elementary School, and for reasons which are understandable, the consent decree has substantial support in the black and white community for the plan, as evidenced by the unanimity of the biracial committee, but this support was not unanimous. We agree with the School Board (Br. p. 7) that ". . . the Court must conclude that the closing of one predominantly white school in a school system the size of that in Caddo Parish could not be said to frustrate the goal of a unitary system in Caddo Parish."

Affirmed.

---

1. The Shreve Island School is now being utilized for children in special education who require unusual attention and is fully integrated as a special education school, according to information furnished by counsel for the Caddo School Board.