**UNITED STATES of America, Plaintiff,**

v.

**PERRY COUNTY BOARD OF EDUCATION et al., Defendants-Appellees,**

**Joann Parsons et al.,
Movants-Appellants.**

No. 77–3329.

United States Court of Appeals,
Fifth Circuit.

Jan. 17, 1978.

W. McLean Pitts, J. Garrison Thompson, Selma, Ala., for movants-appellants.

Charles S. Coody, T. W. Thagard, Jr., Montgomery, Ala., Michael B. Wise, Educ. Sec., Civ. Rights Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

David L. Norman, Deputy Asst. Atty. Gen., Brian K. Landsberg, Atty., Ross L. Connealy, Dept. of Justice, Washington, D. C., William A. Kimbrough, Jr., U. S. Atty., Mobile, Ala., for United States.

Before THORNBERRY, MORGAN, and CLARK, Circuit Judges.

THORNBERRY, Circuit Judge:

This school desegregation case, filed by the United States against the Perry County Board of Education in August 1966 pursuant to the Civil Rights Act of 1964, has had a long and somewhat tortured history in the district court. This latest chapter involves appellants' attempt to intervene after the Board filed a petition with the district court asking approval of the construction of two new school facilities. The district court approved the construction on October 14, 1977, and in a separate order denied appellants' motion to intervene.

This appeal followed, and the sole question before us is whether the district court erred in denying the motion for intervention. We hold that it did not.[1]

The district court's October 14 order permits construction of a new grammar school at the site of an outmoded facility and the reconstruction of a high school at the site of a school that burned earlier in the year.[2] Since the fire, students from the high school have attended classes at a grammar school, along with the younger students. The Board and a bi-racial advisory committee approved the construction plans before they were submitted to the district court, and the United States subsequently added its approval subject to the inclusion of certain conditions.

Appellants contend that they are entitled to intervene as a matter of right pursuant to Rule 24(a)(2), Fed.R.Civ.P., or, in the alternative, that the district court abused its discretion in denying permissive intervention under Rule 24(b).

As amended in 1966, Rule 24(a)(2) creates a tripartite test for intervention of right. One must be permitted to intervene if (1) he claims an interest in the subject of the action; (2) he is so situated that the disposi-

---

1. Appellants filed a motion for a stay of the district court's order approving the new schools pending appeal to this court of the denial of their motion to intervene. This court then asked appellees to respond to the stay motion. Because briefs addressing the intervention question have now been filed by both sides, we find it unnecessary to rule on the motion for a stay.

2. The fire did not harm the foundation of the burned building or several other separate buildings such as the gymnasium and cafeteria. Thus, the Board was not seeking a completely new facility but rather reconstruction of a damaged one.

tion of the action may as a practical matter impair his ability to protect that interest; and (3) his interest is not adequately represented by existing parties. *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5 Cir. 1970).

There is no clear-cut test to determine the nature of the interest required for intervention of right. Our inquiry is "a flexible one, which focuses on the particular facts and circumstances surrounding each application," and this type of intervention "must be measured by a practical rather than technical yardstick." *United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 841 (5 Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976). Nonetheless, we have adopted a somewhat narrow reading of the term "interest," which is the approach contemplated by Professor Kaplan, the draftsman of the 1966 amendment. *See* Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure* (I), 81 Harv.L.Rev. 356, 405 (1967). As we said in *Diaz v. Southern Drilling Corp.*, *supra* at 1124, "intervention still requires a 'direct, substantial, legally protectable interest in the proceedings.'"

In the context of public school desegregation, there are innumerable instances in which children, parents, and teachers may be deprived of various "rights" (e. g., the "right" to attend a neighborhood school) without having had the opportunity to participate directly in the judicial proceedings which divest them of those "rights." When these adversely affected groups have sought to intervene, we have frequently declined to permit it. *St. Helena Parish School Board v. Hall*, 287 F.2d 376 (5 Cir.), *cert. denied*, 368 U.S. 830, 82 S.Ct. 52, 7 L.Ed.2d 33 (1961); *Horton v. Lawrence County Board of Education*, 425 F.2d 735 (5 Cir. 1970); *Bennett v. Madison County Board of Education*, 437 F.2d 554 (5 Cir. 1970).

Appellants, however, point to *Smuck v. Hobson*, 132 U.S.App.D.C. 372, 408 F.2d 175 (1969), in which the District of Columbia Circuit held that parents of school children were entitled to intervene as a matter of right to challenge on appeal a district court's desegregation order that the school board had decided not to appeal.

This court has not followed the broad approach to intervention illustrated by the *Smuck* case. Contrary to appellants' assertion, we did not do so in *Hines v. Rapides Parish School Board*, 479 F.2d 762 (5 Cir. 1973), which holds that parents seeking to question deficiencies in the implementation of school desegregation orders should seek intervention rather than bring a class action. However, *Hines* did not address the question of whether the parents would be entitled to intervene as a matter of right.

*Hines* does indicate that parents seeking to intervene must demonstrate an interest in a desegregated school system. As Judge Morgan wrote for the court:

> Certainly every group must be allowed the opportunity to show the court that the desired and legally required unitary school system has not been achieved by an earlier court order.
>
> *   *   *   *   *   *
>
> The petition for intervention would bring to the attention of the district court the precise issues which the new group sought to represent and the way in which the goal of a unitary system had allegedly been frustrated.

479 F.2d at 765.

We find no such interest in the instant case. The parents are not seeking to challenge deficiencies in the implementation of desegregation orders but are attempting "to bring to the attention of the [district court] the issue of the desirability of constructing a centralized consolidated high school as opposed to the Board's proposal of constructing the school at the site of a former facility. . . ." Appellants' brief at 7. Nothing in their brief or in their petition for intervention in the district court indicates that they are challenging the location of the school on the ground that it impedes establishment of a unitary school system. Instead, they oppose the location on various policy grounds, which,

though important, are unrelated to desegregation and the establishment of a unitary school system.[3]

■ These matters of policy are to be determined by the Board of Education, not by the federal courts. Location of a school comes within the purview of the federal courts only to the extent that it has an impact on desegregation. *See Tasby v. Estes*, 517 F.2d 92, 106 (5 Cir.), *cert. denied*, 423 U.S. 939, 96 S.Ct. 299, 46 L.Ed.2d 271 (1975); *Lee v. Autauga County Board of Education*, 514 F.2d 646 (5 Cir. 1975). The district court's approval of the construction of the new facilities makes clear that the court concluded that the location of these schools would not thwart the goal of a unitary school system.

■ In addition, we think that in these circumstances the interests of appellants are adequately represented by the Board and the bi-racial committee within the meaning of Rule 24(a)(2). Appellants are not entitled to intervention of right simply because they would have voted differently had they been members of these representative bodies. *See Jones v. Caddo Parish School Board*, 487 F.2d 1275, 1277 (5 Cir. 1973).[4]

■ Appellants also contend that the district court should have allowed permissive intervention in this case pursuant to Rule 24(b). This court may not disturb the denial of such a motion, unless there has been an abuse of discretion. *United States v. Allegheny-Ludlum Indus., Inc., supra* at 841; *Cisneros v. Corpus Christi Ind. School Dist.*, 560 F.2d 190, 191 (5 Cir. 1977). We find no such abuse here, especially in view of the fact that the destruction of one building by fire obviously calls for expeditious action by the Board.

As a final note, we are mindful of the fact that the district court held no evidentiary hearing and made no finding of fact, as required by *Calhoun v. Cook*, 487 F.2d 680 (5 Cir. 1973), and *Jones v. Caddo Parish School Board*, 499 F.2d 914 (5 Cir. 1974). Indeed, the district court entered a one-sentence order denying appellants' motion. We reiterate here our adherence to the rules of those two cases and emphasize that the district court should have followed them. However, in the circumstances of this particular case, we feel that we can dispose of the question before us without a full record, since it is more than clear that appellants are not entitled to intervene.

Because we find that the claim of right to intervene is without merit and that the district court did not abuse its discretion in denying permissive intervention, we must dismiss the appeal for want of a final order. *Weiser v. White*, 505 F.2d 912 (5 Cir.), *cert. denied*, 421 U.S. 993, 95 S.Ct. 1998, 44 L.Ed.2d 482 (1975). *See also* Wright, Law of Federal Courts § 75, at 374 (3d ed. 1976).[5]

DISMISSED.

---

3. These grounds include safety and welfare of school children, a large attendance zone that would require considerable travel on the part of some students, and the significant outlay of public funds that would be required. Appellants' brief at 7–8.

4. Our conclusion of adequate representation is buttressed by the fact that the district court's order regarding the new construction states:
    Any school constructed to serve grades 7–12 at the site of the former East Perry School shall be constructed in a manner so that it could be converted to a facility to serve grades K–8 *in the event that the school district is able to obtain funding for, and construct, a consolidated high school in another location.*
    R. 62 [emphasis supplied]. This order will allow, and obviously contemplates, construction of a centralized facility contemplated by appellants. The inclusion of the above-quoted language in the order makes clear that the issue raised by appellants, *i. e.*, a consolidated high school, was well known to the parties and the district court. That a plan differing from that advanced by appellants was ultimately adopted does not mean that their interests were not represented.

5. The government has raised a jurisdictional question, *i. e.*, the applicability of the notice of appeal requirements set forth in *Singleton v. Jackson Municipal Separate School Dist.*, 419 F.2d 1211, 1222 (5 Cir. 1969) (en banc). Because we dismiss this appeal for want of a final order, we find it unnecessary to address this issue. *See United States v. Augenblick*, 393 U.S. 348, 350–52, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969); *Southern Pacific Transp. Co. v. Usery*, 539 F.2d 386, 389 n.1 (5 Cir. 1976); *Slocum v. United States*, 515 F.2d 237, 238 n.2 (5 Cir.

1975); *cf. Norton v. Mathews*, 427 U.S. 524, 96 S.Ct. 2771, 2774–75, 49 L.Ed.2d 672 (1976).