**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**MARION COUNTY SCHOOL DISTRICT
et al., Defendants-Appellees,**

v.

**IMPROVE PARENT TEACHER
ORGANIZATION,
Applicant-Intervenor-Appellant.**

Nos. 77–3520, 78–1878.

United States Court of Appeals,
Fifth Circuit.

Feb. 23, 1979.

Rehearing Denied March 22, 1979.

Thomas J. Long, W. Joel Blass, Gulfport, Miss., for applicant-intervenor-appellant in No. 77–3520.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., Burtis M. Dougherty, Ross L. Connealy, Walter W. Barnett, Drew S. Days, III, Asst. Atty. Gen., Dept. of Just., Civil Rights Div., Washington, D. C., Richard W. Dortch, W. David Watkins, Jackson, Miss., for appellees in No. 77–3520.

**148**

Mize, Thompson & Blass, W. Joel Blass, Thomas J. Long, Gulfport, Miss., for applicant-intervenor-appellant in No. 78–1878.

Brunini, Grantham, Grower & Hewes, Richard W. Dortch, W. David Watkins, Jackson, Miss., Walter W. Barnett, Ross L. Connealy, Burtis M. Dougherty, Attys., Drew S. Days, III, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Jackson, Miss., for appellees in No. 78–1878.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

CHARLES CLARK, Circuit Judge:

The Improve Parent Teacher Organization (IPTO) seeks review of the district court's denial of its motions to intervene in a previously inactive school desegregation case. The original complaint, brought in 1967 by the United States Attorney General, resulted in a consolidation of the dual race school system in Marion County, Mississippi into several attendance zones. In 1976, this court found that the system had reached unitary status under a court-approved desegregation plan put in place by agreement of the parties in 1973. That plan provided for three geographic attendance zones. The Improve school, the focus of the present controversy, served all grade 1–6 students in north-eastern Marion County. All other east-Marion students attended East Marion School, and all west-Marion students attended West Marion School. IPTO first sought to intervene in 1977 to reestablish at Improve grades 7–12 which had been removed by the 1973 consent order. The district court denied the motion as (1) untimely, and (2) based upon disagreement with existing grade structures and student assignments rather than a frustration of the school district's established unitary status.

Pending this appeal, the district court approved the county school board's plan to close the out-dated Improve facilities in 1978 and consolidate the students into East Marion, which was being expanded. Despite Improve's representation on the school board through two of the five board members, IPTO again moved to intervene in the district court proceedings to assert its position against implementation of the modified plan and for reconsideration of the earlier motion. The district court found that IPTO's opposition to the closing of Improve did not demonstrate that the system's unitary status would be affected. Instead, it represented a policy attack more appropriate for presentation to local school officials. Thus the district court denied the motions for leave to intervene. We affirm.

A district court is governed by Rule 24 of the Federal Rules of Civil Procedure in exercising its discretion to grant or deny motions to intervene. The court may deny permission for intervention of parental groups asserting deficiencies in the implementation of desegregation orders if it determines "that the issues these new plaintiffs [seek] to present [have been] previously determined or . . . that the parties in the original action [are] aware of these issues and completely competent to represent the interests of the new group." *Hines v. Rapides Parish School Board,* 479 F.2d 762 (5th Cir. 1973); F.R.Civ.P. 24(b). However, such groups "shall be permitted to intervene in an action . . . when a statute of the United States confers an unconditional right to intervene." F.R. Civ.P. 24(a).

Whether intervention is sought permissively or as of right, Rule 24 requires that the application for intervention be "timely." Timeliness is a function of the relative prejudice to the existing parties and the would-be intervenor. The district court, in exercising its discretion to weigh the relative prejudice to each, must put into the balance against the movant its prior opportunities to assert its position and its protection through representation by the existing parties. In weighing possible prejudice to the existing parties the court must consider what has happened as a result of

the movant's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case. *Stallworth v. Monsanto,* 558 F.2d 257 (5th Cir. 1977).

IPTO's initial motion seeking the return of grades 7–12 to the Improve school was filed ten years after the commencement of Marion County's school litigation, seven years after the court-ordered removal of grades 9–12 from Improve, and four years after implementation of the modified plan removing grades 7 and 8. The district court found that IPTO has at all times been apprised of the situation at the Improve school and the potential consequences of the court action. Furthermore, it found that IPTO's complaints were fully considered by the parties in establishing the structure which all had lived under for four years. We find no abuse of discretion by the district court in denying IPTO's first petition to intervene as untimely.

IPTO's second petition, directed to the closing of the Improve school, was also properly denied. The constitutional objective of the court's involvement in the issue of school desegregation is the establishment of a unitary public school system. To this end, the court will consider arguments which show that a particular court-ordered plan does not achieve or maintain the desired unitary status. *Hines v. Rapides Parish School Board, supra,* 479 F.2d 762. IPTO has not alleged in its motion that the closing of Improve would frustrate this goal. Furthermore, IPTO's views were fully presented to the school board prior to its decision to close Improve to further educational and financial objectives. In *Jones v. Caddo Parish School Board,* 487 F.2d 1275 (5th Cir. 1973), this court emphasized that an intervenor's adequate prior opportunity to present and resolve its views was sufficient reason to deny intervention. We are not unaware of the possible burdens the closing of the Improve School may impose on IPTO's members. However, the school board in making its decision was also aware of these problems as well as other interests throughout the county. The appropriate forum for IPTO to air its complaints was before the county school board.

IPTO attempts to invoke 20 U.S.C.A. §§ 1654, 1717 as establishing its right to intervene pursuant to Rule 24(a)(1). We have previously considered this argument in *Cisneros v. Corpus Christi Independent School District,* 560 F.2d 190 (5th Cir. 1977), where we found that that statute creates merely a conditional right and not an absolute right to intervene as required by Rule 24(a)(1). Since the district court did not abuse its discretion in denying permissive intervention, its order is

AFFIRMED.