United States Court of Appeals,

Fifth Circuit.

No. 94-40770

Summary Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

FRANKLIN PARISH SCHOOL BOARD, et al., Defendants-Appellees,

v.

SAVE OUR SCHOOLS, Movant-Appellant.

March 20, 1995.

Appeal from the United States District Court for the Western District of Louisiana.

Before KING, JOLLY and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Save Our Schools, an unincorporated association of parents, residents and taxpayers in Franklin Parish, appeals the district court's denial of its petition to intervene as of right in a longstanding school desegregation suit. The district court denied the motion, finding that Save Our Schools' claimed interest did not warrant intervention and that the association's interest was adequately represented in the litigation by the existing parties. Because we find that Save Our Schools was not entitled to intervene as a matter of right, we dismiss for lack of appellate jurisdiction.

BACKGROUND

Twenty four years ago the United States brought a school desegregation suit against the Franklin Parish School Board (FPSB).

In August 1970 the district court entered a desegregation order permanently enjoining FPSB from operating the school system in a discriminatory manner and requiring that FPSB take specified actions to implement the order.  The district court maintained continuing jurisdiction for the purpose of enforcing or modifying its order.

In June 1994, motivated by economic and educational concerns, the FPSB approved a plan consolidating some of the schools in the parish.  Prior to voting on the plan, FPSB entertained lively debate from the community and considered at least two independent studies relating to consolidation.  Because the district court still has continuing jurisdiction to determine the impact of any proposed consolidation on implementation of its desegregation order, the proposed plan is subject to approval by the district court following agreement by both parties.  As of this appeal, negotiations between the United States and FPSB are ongoing and the plan has not been submitted to the district court.

Several parents, residents and taxpayers of Franklin Parish, who objected to the proposed consolidation because it would close certain schools and potentially raise taxes, banded together to form Save Our Schools ("SOS").  In July 1994, SOS moved to intervene as of right in the school desegregation suit, claiming that the school system was already unitary and seeking a temporary restraining order against implementation of the proposed consolidation plan.  Both the United States and FPSB opposed the motion.  After a hearing, the district court denied the motion, and

2

SOS timely appealed.

### *DISCUSSION*

SOS sought to intervene solely as a matter of right under Federal Rule of Civil Procedure 24(a)(2).  That rule imposes four requirements:  (1) the applicant must file a timely application;  (2) the applicant must claim an interest in the subject matter of the action;  (3) the applicant must show that disposition of the action may impair or impede the applicant's ability to protect that interest;  and (4) the applicant's interest must not be adequately represented by existing parties to the litigation.  FED.R.CIV.P. 24(a)(2).  The district court found that SOS's motion to intervene was timely, that SOS did not demonstrate an interest in the litigation sufficient to support intervention, and that SOS's purported interest was adequately represented by the United States and FPSB.

### *SOS's Interest*

SOS's petition for intervention contended that although the school system had achieved the desired unitary status, FPSB had failed in its duty to seek orders terminating federal control of the school system.[1]  SOS claims its members are directly affected

---

[1]The memorandum accompanying the petition also alleged that members of SOS were facing school closings, long-distance busing and the potential for additional taxation as a result of the proposed consolidation plan and requested that the district court issue a temporary restraining order prohibiting enforcement of that plan.  SOS sensibly abandoned its challenge to the consolidation plan in the hearing, conceding that it could not intervene to challenge the school board's determination of the number and location of schools in the parish.  *See, e.g., United States v. State of Mississippi,* 958 F.2d 112, 115 (5th Cir.1992) (there is no right to intervene to challenge school board

by the loss of control over their school system, that no other forum allows redress of their complaint and that their interest in having the school system declared unitary is not adequately represented by either the United States of FPSB because neither party is currently asserting the position that the school system has achieved the desired unitary status.  The United States and FPSB respond that they share SOS's interest in having the school system declared unitary so that control can be returned to the local authority and that SOS's disagreement as to the time required to achieve that objective does not demonstrate the type of interest required to justify intervention.

In *Hines v. Rapides Parish School Board,* 479 F.2d 762 (5th Cir.1973) this Court recognized that the proper procedural remedy for parental groups challenging deficiencies in the implementation of desegregation orders is intervention.  *Id.* at 765-66 (finding that intervention rather than separate suit was the appropriate remedy, but nonetheless refusing to remand for possible intervention).  Subsequent cases clarified that the parental interest which justifies intervention is an interest in achieving

decisions based on policy matters, except to the extent that a proposed plan impacts whether the school board is operating a unitary system); *Pate v. Dade County Sch. Bd.,* 588 F.2d 501, 503 (5th Cir.1979) (groups are not entitled to intervene because they would have voted differently had they been members of the school board); *United States v. Perry County Bd. of Educ.,* 567 F.2d 277, 279-80 (5th Cir.1978) (intervenor's concerns about travel and the outlay of public funds are policy concerns not related to desegregation which do not justify intervention in federal desegregation suit).

4

a desegregated school system.[2]  SOS maintains that because language in *Hines* recognized that parent groups could intervene to show that discrimination still existed, that this Court is now bound to recognize SOS's right to intervene for the purpose of showing that discrimination has been eliminated.  However, intervention is not appropriate if the would-be intervenors present issues that the existing parties are aware of and stand competent to represent. *Hines,* 479 F.2d at 765.  Both the United States and FPSB share SOS's interest in returning local control to the schools.

"In the context of public school desegregation, there are innumerable instances in which children, parents, and teachers may be deprived of various "rights' without having had the opportunity to participate directly in the judicial proceedings which divest them of those "rights.' "  *Perry County Bd. of Educ.,* 567 F.2d at 279.  SOS is not entitled to intervene based merely on conclusory allegations that their duly elected representatives on the school board are not aggressively defending the suit.  *See Dade County Sch. Bd.,* 588 F.2d at 503 (parent group disagreement with school board decision not to appeal order issued in desegregation case did not demonstrate sufficient interest to justify intervention).  Their remedy for that breach, if any, is embodied in their right to

_____

[2]*Dade County Sch. Bd.,* 588 F.2d at 503 (affirming denial of motion to intervene based on school board's policy decision not to appeal order entered in desegregation suit and rejecting would-be intervenor's challenge to district court's jurisdiction based on prior finding that school system was unitary);  *Perry County Bd. of Educ.,* 567 F.2d at 279 (affirming denial of motion to intervene based on board's policy decision because petitioners failed to allege that school board action impeded achievement of unitary school system).

select new representatives. Further, SOS did not allege that continued federal control of the school system injured them in any specific way. To the contrary, SOS wants to invoke the power of the federal court to settle their dispute with the local school board. We hold that SOS's stated interest in accelerating release from federal control, without any articulation of present or potential injury from that control, is insufficient under the facts of this case to warrant intervention pursuant to rule 24(a)(2).

*Adequacy of Representation*

Even assuming SOS's asserted interest in returning control to local authorities was sufficient to justify intervention, that interest is adequately represented by the existing parties. When the "party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance." *Kneeland v. Nat'l Collegiate Athletic Ass'n,* 806 F.2d 1285, 1288 (5th Cir.), *cert. denied,* 484 U.S. 817, 108 S.Ct. 72, 98 L.Ed.2d 35 (1987); *see also United States v. South Bend Community School Corp.,* 692 F.2d 623, 627 (7th Cir.1982); *United States v. Board of Sch. Comm'r,* 466 F.2d 573, 575 (7th Cir.1972), *cert. denied,* 410 U.S. 909, 93 S.Ct. 964, 35 L.Ed.2d 271 (1973) (both recognizing a presumption that a school board adequately represents its student's interests absent a showing of gross negligence or bad faith). There was no evidence offered at the hearing that FPSB was operating in bad faith or was in any way not representative of the

6

majority of its constituency. Likewise, there was no evidence that FPSB had any motivation or interest that was different from that of SOS.[3] SOS cites no authority for the proposition that they are entitled to intervene because no other party is asserting their current position that a unitary school system has been achieved. Certainly, after twenty-four years of federal control, FPSB is in a better position to determine when it can successfully seek release from federal court control. Finally, disposition of the action, when there is a final determination that a unitary school system has been achieved, will advance rather than impair SOS's interest in returning control to local authorities. *See* FED.R.CIV.P. 24(a)(2). We hold that SOS's claimed interest in having the school system declared unitary so that control can be returned to the local authorities was adequately represented by FPSB. Because absence of even one of the four factors required by rule 24(a)(2) is sufficient to defeat intervention, it is not necessary to review the district court's timeliness determination.

### *Conclusion*

Our Court has only provisional jurisdiction to hear an appeal from the denial of a motion to intervene as of right. *See Woolen v. Surtran Taxicabs, Inc.,* 684 F.2d 324, 330-31 (5th Cir.1982).

---

[3]SOS's reliance on *Freeman v. Pitts,* 503 U.S. 467, ---- - ----, 112 S.Ct. 1430, 1443-45, 118 L.Ed.2d 108 (1992) is misplaced. *Freeman* addressed the issue of whether a district court can relinquish control over a school district in incremental stages before full compliance with the court's order. As the district court correctly noted, SOS cannot advance arguments related to whether partial or complete withdrawal of federal control is appropriate in this case unless and until it is granted the right to intervene.

Once the Court determines that the motion to intervene as of right is without merit, the appropriate remedy is to dismiss for lack of appellate jurisdiction. *Id.* We have reviewed the district court's decision *de novo* and conclude that SOS was not entitled to intervene as of right pursuant to rule 24(a)(2). Accordingly, this appeal is DISMISSED.