## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 95-30882
Summary Calendar
_____

MAC SALES INC., ET AL.,

Plaintiffs,

KENNETH P. CHOINA, SR.,

Plaintiff-Appellee,

versus

JOSEPH MULE,

Plaintiff-Appellant,

versus

E. I. DuPONT de NEMOURS & COMPANY,

Defendant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(89-CV-4571)
_____

February 7, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Joseph Mule appeals the denial of his motion for permission to intervene as of right pursuant to FED. R. CIV. P. 24(a)(2). We **DISMISS** the appeal.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

I.

The denial of intervention as of right is reviewed *de novo*. *United States v. Franklin Parish School Bd.*, 47 F.3d 755, 758 (5th Cir. 1995). And, an applicant for such intervention pursuant to Rule 24(a)(2) must satisfy all of the following four requirements:

> (1) the applicant must file a timely application; (2) the applicant must claim an interest in the subject matter of the action; (3) the applicant must show that disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties to the litigation.

*Id*. at 756.

Mule claimed that he was entitled to intervene because, pursuant to a contract, he owned a one-third interest in the claim of the plaintiff, Kenneth P. Choina, Sr., against the defendant, E. I. DuPont de Nemours & Company. The district court held that, "[t]o the extent that Mule has a contractual interest in [Choina's] claim, [Choina's] aggressive prosecution of his claim adequately protects Mule's interest"; and that Mule's claim against Choina

- 2 -

should be pursued in state court.  We agree.

## III.

We have "only provisional jurisdiction to hear an appeal from the denial of a motion to intervene as of right".  *United States v. Franklin Parish School Bd.*, 47 F.3d at 758.  Once we determine "that the motion to intervene as of right is without merit, the appropriate remedy is to dismiss for lack of appellate jurisdiction".  *Id*.  Accordingly, the appeal is

**DISMISSED.**