**William CAPACCHIONE, Individually and on Behalf of Cristina Capacchione, a Minor, Plaintiff,**

v.

**CHARLOTTE–MECKLENBURG BOARD OF EDUCATION, et al., Defendants.**

**James E. SWANN, et al., Plaintiffs,**

v.

**The CHARLOTTE–MECKLENBURG BOARD OF EDUCATION, et al., Defendants.**

**Michael P. Grant, et al., Proposed Intervenors.**

**No. 3:97CV482–P.**
**No. Civ.A.1974.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

May 20, 1998.

John O. Pollard, Kevin V. Parsons, McGuire, Woods, Battle & Boothe, L.L.P., Charlotte, NC, William S. Helfand, Magenheim, Bateman, Robinson, Wrotenbery & Helfand, P.L.L.C., Houston, TX, Lee Meyers, Meyers & Hulse, Charlotte, NC, for William Capacchione.

James E. Ferguson, Luke Largess, Ferguson, Stein, Wallas, Gresham & Sumter, P.A., Charlotte, NC, Adam Stein, Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, Chapel Hill, NC, Elaine Jones, Norman J. Chachkin,

Gloria J. Browne, NAACP Legal Defense & Educational Fund, Inc., New York City, for Swann.

James G. Middlebrooks, Irving M. Brenner, Smith, Helms, Mulliss & Moore, LLP, Charlotte, NC, Allen R. Snyder, Kevin J. Lanigan, Maree Sneed, Hogan & Hartson, L.L.P., Washington, DC, Leslie J. Winner, Charlotte–Mecklenburg Board of Education, Charlotte, NC, for Charlotte–Mecklenburg Schools.

James G. Middlebrooks, Irving M. Brenner, Smith, Helms, Mulliss & Moore, L.L.P., Charlotte, NC, Allen R. Snyder, Kevin J. Lanigan, Maree Sneed, John W. Borkowski, Hogan & Hartson, L.L.P., Washington, DC, Leslie J. Winner, Charlotte–Mecklenburg Board of Education, Charlotte, NC, for The Board of Education of Charlotte–Mecklenburg.

James G. Middlebrooks, Irving M. Brenner, Smith, Helms, Mulliss & Moore, L.L.P., Charlotte, NC, Allen R. Snyder, Kevin J. Lanigan, Maree Sneed, Hogan & Hartson, Washington, DC, for Susan Burgess and Eric Smith.

A. Lee Parks, Kirwan, Parks, Chesin & Miller, P.C., Atlanta, GA, Thomas J. Ashcraft, Charlotte, NC, for intervenors-plaintiffs.

## MEMORANDUM OF DECISION AND ORDER

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on the Motion to Intervene by Michael P. Grant, Richard Easterling, Lawrence Gauvreau, Karen Bentley, Charles Thompson, and Scott C. Willard (together "Proposed Intervenors")[1] filed on 8 April 1998 [document no. 39]. Because the application was timely filed, there are common questions of law and fact in their claims and the claims in the consolidated actions, and Proposed Intervenors' intervention will not unduly delay or prejudice the adjudication of the original parties' rights, the Court will grant Proposed Intervenors' Motion to Intervene.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On 6 March 1998, on Motion to Reopen and Consolidate by the *Swann* Plaintiffs and after conducting a hearing on same, the Court reopened *Swann* and consolidated that action with the *Capacchione* matter pursuant to Rule 42(a). The Court specifically determined that the claims in *Capacchione* and *Swann* involved several common issues of law and fact.

Soon after the Court consolidated these actions, Capacchione filed a Motion to Intervene as of right pursuant to Rule 24(a), and by permission pursuant to Rule 24(b). Defendants did not object to Capacchione's intervention by permission, but they did object to Capacchione's intervention as of right. *Swann* Plaintiffs did not respond to Capacchione's Motion to Intervene. After determining that Capacchione's application was timely filed, there were common questions of law and fact in the claims in the consolidated matters, and Capacchione's intervention would not unduly delay or prejudice the adjudication of the original parties' rights, the Court granted Capacchione's Motion to Intervene.

Prior to the Court granting Capacchione's Motion to Intervene, Proposed Intervenors filed their Motion to Intervene as of right and by permission. Essentially, Proposed Intervenors argue that they should be allowed to intervene in the consolidated actions to advocate the view that the school system is unitary and race should not be a factor in administering the many programs and benefits of the public education. They assert that they meet the requirements of both intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b) because, *inter alia*, there are common issues of law and fact between Proposed Intervenors' Complaint and the consolidated actions.

Proposed Intervenors aver that they have been adversely affected by the unconstitutional acts of the Defendants. The parents

---

[1] These six Proposed Intervenors are parents who have minor children enrolled in public schools administered and maintained by Defendants.

represent children who have allegedly actually suffered the effects of the wide ranging and ongoing use of race as a basis for assigning students within the school district. *See* Complaint. Proposed Intervenors contend that Defendants' refusal to seek unitary status and its simultaneous ongoing use of race-based remedies are unconstitutional because there is no present factual support for the current assumption that past racial discrimination by the Defendants is the present reason for any racial imbalance in a student body at any existing school within the school system. Therefore, they maintain, the goal of racial balance is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution without a showing that each race-based policy is a narrowly tailored remedy to present effects of *de jure* segregation.

The Defendants object to Proposed Intervenors' intervention as of right or by permission, as do *Swann* Plaintiffs. Capacchione, on the other hand, supports Proposed Intervenors' intervention and counsel for Capacchione and Proposed Intervenors have already consulted on developing a coordinated discovery plan.

## II. DISCUSSION AND ANALYSIS

■ Rule 24 of the Federal Rules of Civil Procedure provides that a party may intervene in a matter as of right—Rule 24(a)—or by permission of the Court—Rule 24(b):

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an appli-

cant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(a) & (b). Moreover, in construing Rule 24, the Court of Appeals for the Fourth Circuit stated that any analysis of a request to intervene should be done in the context "that liberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process.' " *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir.1986) (holding that denial of intervention as of right was reversible error) (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C.Cir.1967)).

### A. PERMISSIVE INTERVENTION

■ Permissive intervention, as the rule provides, is appropriate in circumstances in which (1) the application is timely; (2) the moving party's claim or defense and the main action have a common question of law or fact; and (3) the proposed intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *Hill v. Western Electric Co.*, 672 F.2d 381, 386 (4th Cir.1982); 6 James Wm. Moore et al., *Moore's Federal Practice* § 24.10 (3d ed.1997). In this case, Proposed Intervenors meet all three requirements for permissive intervention; as a result, the Court will grant their Motion to Intervene.

### 1. *Timeliness of Application*

This Court reopened *Swann* and Consolidated it with the *Capacchione* matter on 6 March 1998. One month later, Proposed Intervenors filed this Motion to Intervene. As a result, the Court finds that their application to intervene is timely.

### 2. *Common Questions of Law or Fact*

The main issue in the *Swann* matter is whether the Charlotte–Mecklenburg school system is unitary. Proposed Intervenors state that their purpose for intervention is to advocate that the school system is unitary

and, therefore, race should not be a factor used to assign students; to select new school sites; to allocate educational resources; and/or to otherwise control the administration of public education. (Proposed Intervenors' Mem. at 1–2.) Further, Proposed Intervenors allege, as did the *Swann* Plaintiffs originally, that they have been adversely affected by the unconstitutional acts of the Defendants. In addition, they assert that there is no longer a factual support for the ongoing assumption that past racial discrimination by the Defendants is the present reason for any racial imbalance.

Defendants, on the other hand, argue that Proposed Intervenors' interest in achievement of a unitary school system is not a sufficient interest to justify permissive intervention. Rather, they contend that the appropriate remedy for Proposed Intervenors who disagree with a school board decision is to select new board members. They cite *United States v. Franklin Parish School Bd.*, 47 F.3d 755, 757 (5th Cir.1995); *Pate v. Dade County School Bd.*, 588 F.2d 501, 503 (5th Cir.1979); *United States v. Perry County Bd. of Educ.*, 567 F.2d 277, 279–80 (5th Cir. 1978) in support.

There can be no doubt that Proposed Intervenors' claims have issues of law and fact that are common with those claims in the matters before the Court. Proposed Intervenors will advocate that the school system is unitary. Whether the school system is unitary is a primary issue in these matters. Thus, the Court finds that Proposed Intervenors' claims and the claims in the consolidated actions have common questions of law and fact.

Defendants' arguments to the contrary are ineffectual. In *Franklin Parish*, 47 F.3d 755 (5th Cir.1995), the United States brought a school desegregation case against the local school board. Similar to the facts in this case, the district court eventually entered a desegregation order in 1970 and the court continued jurisdiction for the purpose of enforcing or modifying its order. In 1994, the school board approved a plan consolidating some of the schools in the district and the plan was subject to approval by the district court. Prior to submitting the final plan to the district court, a group of parents, residents, and taxpayers of the district who objected to the proposed consolidation moved to intervene as of right under Rule 24(a). Like the Proposed Intervenors in this case, the group claimed that the school system was already unitary. In addition, they sought a restraining order against implementation of the proposed consolidation. The court of appeals held that the group's interest in accelerating release from federal control, without any articulation of present or potential injury from control, is insufficient under the facts of that case to justify intervention as of right under Rule 24(a)(2). *Franklin Parish*, 47 F.3d at 757.

The facts in this case, however, differ in several material respects. First, and most importantly, unlike *Franklin Parish*, the precise issue of whether the school district is unitary is currently before this Court and will be determined in this matter. The Fifth Circuit stressed that the group was not entitled to intervene based on conclusory allegations that their chosen school board representatives were not aggressively defending a suit because there would be a number of instances in which children, parents, and teachers could claim deprivation of rights without having the opportunity to participate directly in the judicial proceeding. *Franklin Parish*, 47 F.3d at 757. In this case, Proposed Intervenors are not merely arguing that the Defendants are not aggressively defending a suit. Nor are they attempting to advocate a position that is not currently in issue. Rather, they are advocating a position completely opposite to that of the Defendants on a primary issue that is immediately before the Court.

Moreover, the Court is mindful that the issue of whether the school system is unitary is, as all parties concede, a matter of great import in this community. Further buttressing Proposed Intervenors' Motion are the facts that, while this case began over thirty years ago, and the initial determination that the school system was not unitary was made over 27 years ago, the Court has not reconsidered the unitary issue in two decades, and the parties concede that it is a fact intensive

inquiry that will be no small matter to prepare for trial.

Given these facts, it simply cannot be argued that this issue is just another one of the "innumerable instances" of which children, parents, or teachers may complain. The interests of judicial efficiency and economy require that the parties advocate their positions while the matter is currently before the Court.

A second distinction between the facts in this case and those in *Franklin Parish* is that the Fifth Circuit did not determine whether the group could intervene by permission. Rather, the court's opinion was specifically limited to intervention as of right under Rule 24(a)(2). In this case, the Proposed Intervenors move for intervention as of right under Rule 24(a)(2), but they also move to intervene by permission under Rule 24(b).

Similarly, *Pate v. Dade County School Bd.*, 588 F.2d 501 (5th Cir.1979) and *United States v. Perry County Bd. of Educ.*, 567 F.2d 277 (5th Cir.1978) are factually and legally distinguishable and not persuasive on the issue presented. In both *Pate* and *Perry*, a parents group moved to intervene to appeal a recently entered order of the district court. The unitary issue was not before the Court, and the Intervenors sought to intervene in order to appeal a district court order, unrelated to the issue of whether the school system was unitary, because the school board did not appeal the district court order. In addition, as to permissive intervention, the Fifth Circuit merely affirmed the district court's exercise of its broad discretion in ruling on motions to intervene by permission.

Thus, for the foregoing reasons, the Court finds that Proposed Intervenors' claims and the claims in *Swann* have common questions of law and fact.

### 3. Undue Delay or Prejudice the Adjudication of the Original Parties' Rights

#### a. Undue Delay

Defendants also argue that permitting Proposed Intervenors to intervene would unduly delay the proceeding and thereby undermine the goal of judicial economy. First, Defendants aver that Proposed Intervenors would add nothing of substance to the case. Rather, they maintain that the addition of another set of lawyers would unnecessarily complicate discovery and hearings in the case. Second, Defendants assert the slippery slope argument—if the Court allows this set of Proposed Intervenors to intervene, there would be no logical reason to deny another set of parents to intervene regardless of their point of view or asserted interest.

Allowing this group of parents to intervene in this matter will not undermine the goals of judicial efficiency or economy nor unduly delay the proceedings. First, the Court is confident that the case will move forward judiciously even with the addition of another group of lawyers. Because Proposed Intervenors seek to intervene primarily on the unitary issue which, as previously noted, is already before the Court, there will be discovery on that issue even without Proposed Intervenors. In addition, much of the discovery will be fact intensive of records in the possession of the Defendants. Thus, addition of these Proposed Intervenors will, to a large extent, merely necessitate making additional copies of Defendants' records. Further, Capacchione and Proposed Intervenors have already consulted on developing a coordinated discovery plan.

Additionally, the Court has no reason to believe that the parties in this matter will not fully cooperate during discovery with the spirit and intent of Rule 26 and the other Federal Rules of Civil Procedure. To the contrary, to this point the parties have conducted themselves in an exemplary manner; the Court is confident they will continue to do so.

Moreover, rather than unduly delaying the proceedings, it is likely that granting Proposed Intervenors' Motion will advance judicial efficiency and economy. First, allowing Proposed Intervenors to advocate their positions now while the issues are currently before the Court will prevent piecemeal litigation. Second, because Proposed Intervenors

are specifically intervening on claims that have common issues of fact and law with the claims before the Court, they will likely aid the Court in defining and focusing these issues. In a similar vein, Proposed Intervenors' counsel, Mr. Lee Parks, has extensive experience in this type of litigation. The Court believes his experience will also aid the Court in defining and focusing the issues. Accordingly, rather than unduly delay the proceedings, it is likely that allowing Proposed Intervenors to intervene will be in the interests of judicial efficiency and economy.

Regarding Defendants' slippery slope argument, the Court disagrees that, if the Court allows Proposed Intervenors to intervene, there will be no logical reason to bar any other set of parents to intervene regardless of their point of view or asserted interest. Indeed, in contrast to Defendants' assertions, as discussed at length *supra*, the Court will allow Proposed Intervenors to intervene *because of* their asserted interest. Furthermore, as discussed *supra*, Proposed Intervenors' intervention will not unduly delay the proceeding with the parties as presently constituted. That is not to say that the Court would, or could, allow additional parties to intervene without causing undue delay. The Court simply finds that, at this time and under these facts, allowing Proposed Intervenors to intervene will not unduly delay the proceedings.

b. *Prejudice to the Original Parties' Rights*

Defendants did not argue, and there has been no showing, that allowing Proposed Intervenors to intervene would prejudice the original parties' rights. Therefore, the Court believes that allowing the Proposed Intervenors to intervene would not prejudice the original parties' rights.

Hence, for the foregoing reasons, the Court finds that allowing Proposed Intervenors to intervene will neither unduly delay the proceedings nor prejudice the original parties' rights.

### B. Intervention as of Right

The Court need not determine whether Proposed Intervenors may intervene as of right under Rule 24(a) because the Court will grant Proposed Intervenors' Motion to Intervene by permission under Rule 24(b).

### III. Conclusion

In sum, the Court will grant Proposed Intervenors' Motion to Intervene because the application was timely filed, there are common questions of law and fact in their claims and the claims in the consolidated actions, and Proposed Intervenors' intervention will not unduly delay or prejudice the adjudication of the original parties' rights.

### IV. Order

**NOW, THEREFORE, IT IS ORDERED** that Proposed Intervenors' Motion to Intervene [document no. 39, filed on 8 April 1998] be, and hereby is, **GRANTED.**